UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Albert Neuburger,<br><br>                    Plaintiff,<br><br>-v.-<br><br>Cavalry Portfolio Services, LLC and<br>Cavalry SPV I, LLC,<br><br>                    Defendant(s). | Civil Action No: 2:20-cv-14687<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Albert Neuburger, a New Jersey resident, brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Cavalry Portfolio Services, LLC ("Cavalry Portfolio") and Cavalry SPV I, LLC ("Cavalry"), respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of section 1692 et. seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

6. Plaintiff is a resident of the State of New Jersey, County of Passaic, residing at 88 Meade Ave, Passaic, NJ 07055.

7. Defendant Cavalry Portfolio is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

8. Upon information and belief, Cavalry Portfolio is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

9. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with address at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

10. Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

12. On a date better known to Defendants, Defendants began collection for an obligation that was allegedly incurred to Citibank, N.A.

13. The alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically non-payment for personal credit card purchases.

14. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

15. Upon information and belief, Citibank transferred the debt to Cavalry.

16. Upon information and belief, Cavalry contracted with Cavalry Portfolio to collect the alleged debt.

17. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

### *Violation I – May 1, 2020 Letters*

18. On or about May 1, 2020 Defendants sent Plaintiff a collection notice regarding the alleged debt owed ("May 1 Letter"). A copy of this letter from Defendants is **attached as Exhibit A**.

19. The letter states that Plaintiff made a dispute pursuant to the Fair Credit Reporting Act.

20. It further states, "We are treating the dispute letter as a request for validation under the FDCPA."

21. If Plaintiff made a dispute under the Fair Credit Reporting Act, Defendants have no right to treat it as a dispute under the FDCPA.

22. If Plaintiff disputed it under the FDCPA, the letter is making a false claim as to the basis of the dispute.

23. Either way the letter is deceptive and misleading in how it treats, and how it claims to treat, Plaintiff's alleged dispute.

24. After claiming Plaintiff disputed the debt pursuant to the FDCPA, the letter states that "We will write to you again within 150 days from the date of this letter."

25. This statement is misleading because the very same day Defendants wrote another letter to Plaintiff.

26. The second May 1, 2020 letter claims to be a verification of the debt disputed by Plaintiff pursuant to the FDCPA.

27. However, the Plaintiff never disputed the debt pursuant to the FDCPA, therefore, this second May 1 letter is false on its face.

28. In addition, the second May 1 letter states:

>   Principal Due:         $6524.60
>   Charges or Fees:       $0.00
>   Amount of Debt Owed:   $6524.60

29. Upon information and belief this statement is also false.

30. The principal of the original credit card debt is not $6524.60.

31. The total allegedly owed of $6524.60 consists of more than just principal; it includes other amounts such as interest and late fees.

32. It is therefore false and deceptive to characterize the amount of the principal of the debt as an amount higher than the actual principal.

### *Violation II – May 2, 2020 Letter*

33. On or about May 2, 2020, Defendants sent Plaintiff a collection notice regarding the alleged debt ("May 2 Letter"). A copy of this letter from Defendants **is attached as Exhibit B**.

34. The May 2 Letter contained a statement of the notices required only in an initial communication by 15 U.S.C. § 1692g(a).

35. Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

36. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

37. If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

38. By stating that the consumer has an *additional* 30-day period in which he may dispute the debt, which is not accurate per 15 U.S.C. § 1692g(a), the May 2 Letter is misleading or unfairly confuses the consumer as to his rights.

39. In addition, Defendants previously stated that Plaintiff had already disputed the debt, leaving the consumer in doubt if these rights being offered are in a fact a new offer.

40. It is deceptive and misleading for Defendants to claim Plaintiff had yet another opportunity to dispute the debt, after previously stating he has already disputed it pursuant to the FDCPA.

*Violation II – June 9, 2020 Letter*

41. On or about June 9, 2020, Defendants sent Plaintiff another collection notice regarding the alleged debt ("June 9 Letter"). A copy of this letter from Defendants is **attached as Exhibit C**.

42. The June 9 letter states:

| | |
|---|---|
| Principal Due: | $6524.60 |
| Charges or Fees: | $0.00 |
| Amount of Debt Owed: | $6524.60 |

43. Upon information and belief this statement is false.

44. The principal of the original credit card debt is not $6524.60.

45. The total allegedly owed of $6524.60 consists of more than just principal; it includes other amounts such as interest and late fees.

46. It is therefore false and deceptive to characterize the amount of the principal of the debt as an amount that is higher than the actual principal.

47. As a result of all of Defendants' deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

48. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

49. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. Defendants violated §1692e:

   a. By falsely characterizing Plaintiff's dispute as one under the FDCPA or alternatively claiming Plaintiff disputed under the FCRA when in fact it was made pursuant the FDCPA;

   b. Verifying a disputed debt pursuant to the FDCPA after admitting the dispute was not made under the FDCPA;

   c. Falsely claiming that the balance of the principal under the alleged credit card debt was $6524.60 when that amount included interest, not just principal;

   d. Misleadingly stating that Plaintiff had another 30 days to dispute a debt after the debt was already disputed and validated.

52. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

53. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

54. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

55. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

56. Defendant violated this section by

   a. unfairly characterizing Plaintiff's dispute as one under the FDCPA or alternatively claiming Plaintiff disputed under the FCRA when in fact it was made pursuant the FDCPA;

   b. Verifying a disputed debt pursuant to the FDCPA after admitting the dispute was not made under the FDCPA;

   c. Falsely claiming that the balance of the principal under the alleged credit card debt was $6524.60 when that amount included interest, not just principal;

   d. Unfairly stating that Plaintiff had another 30 days to dispute a debt after the debt was already disputed and validated.

57. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

58. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61.    Defendant violated 15 U.S.C. §1692g by stating that Plaintiff had another 30 days to dispute a debt while also claiming that the debt was previously disputed and validated.

62. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Albert Neuburger demands judgment from Defendants Cavalry Portfolio Services, LLC and Cavalry SPV 1, LLC as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
October 20, 2020

**Stein Saks, PLLC**
*/s/ Eliyahu Babad*
by:  Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500 x121
Fax: 201-282-6501
EBabad@SteinSaksLegal.com
*Attorneys for Plaintiff*